**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

Lavon C. Phillips,

Plaintiff,

v.

Mary K. Grendahl and
Econ Control, Inc. d/b/a
Sherlock Information System,

Defendants.

Civil No. 00-1382 ADM/AJB

**ORDER ON MOTION**

---

The above matter came before the Court for hearing on Plaintiff's Motion to Amend. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion is **granted in part and denied in part** [Docket No. 11];

2. Plaintiff is allowed to amend his complaint to add McDowell Investigations as a defendant;

3. Plaintiff may not amend his complaint to add an additional count alleging negligent hiring, retention and supervision.

Dated: 10/23/00

Arthur J. Boylan
United States Magistrate Judge

FILED OCT 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

**MEMORANDUM**

Plaintiff asks that he be allowed to amend his complaint to add McDowell Investigations as a defendant. Plaintiff also asks that he be allowed to amend his complaint to add an additional count against Defendant Grendahl. The Court grants the first request after receiving no objections from either of the current Defendants. Defendant Grendahl objects to the second request.

After a responsive pleading has been filed, a party "may amend [their] pleading only by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Justification for denying a motion to amend includes futility of the amendment and undue prejudice to the nonmoving party by virtue of allowance of the amendment. Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (citations omitted).

Plaintiff requests that he be allowed to amend the complaint to include an additional count against Defendant Grendahl, alleging negligent hiring, retention and supervision. This request is denied. Minnesota law clearly provides that, to maintain claims of negligent hiring, retention and supervision, there must have been at least a threat of physical injury. Thompson v. Olsten Kimberly Quality Care, Inc., 980 F.Supp. 1035, 1040-41 (D. Minn. 1997) (citations omitted). At oral argument, Plaintiff suggested that his emotional distress sufficed. However, as the court said in Thompson, "While a plaintiff enjoys a more expansive concept of what constitutes a threat of physical injury when the case involves allegations of sexual harassment, this is not a sexual harassment case." Id. at 1041 (internal citation omitted). The plaintiff in Thompson alleged that she suffered from "severe emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, and loss of wages and other serious injuries." Id. at 1039. Yet, the court dismissed the negligent supervision and retention claims

based partly upon the plaintiff's failure to allege a physical injury or at least a threat of physical injury. Id. at 1040-41.

Plaintiff argues that Defendant had a non-delegable duty to hire and supervise with care. However, the non-delegable duty doctrine applies where one employs another to perform activity that is likely to create a peculiar risk of physical harm. Conover v. Northern States Power Co., 313 N.W.2d 397, 404 (Minn. 1981) (citations omitted). This is clearly not the nature of this case.

The Court concludes that Plaintiff's claims, under his proposed additional count, are clearly futile.

AJB