**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

LAVON C. PHILLIPS,

Plaintiff,

v.

MARY K. GRENDAHL, ET AL.,

Defendants.

Civil No. 00-1382 ADM/AJB

**ORDER ON MOTION**

---

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636, upon the Motion *in limine* of Defendant Mary K. Grendahl, which seeks to limit certain evidence at Trial. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Defendant Grendahl's Motion is **granted in part and denied in part** as stated herein [Docket No. 24];
2. To the extent that they have been underscored on copies attached hereto, the expert reports of David A. Szwak and Walter Powers are excluded from the Trial in this matter, but need not be stricken;
3. Any testimony, which is of the same nature as the excluded portions of the expert reports, is excluded from the Trial in this matter;
4. Defendant Grendahl's request for costs and fees is denied;
5. Defendants shall declare their experts' identities on or before May 14, 2001 and

FILED APR 16 2001
CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

shall provide expert reports by May 28, 2001;

6. All expert depositions shall be conducted on or before June 11, 2001.

Dated: 4/16/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

The original Pretrial Scheduling Order provided *inter alia* that (1) discovery was to be complete by March 1, 2001; (2) Plaintiff was to identify his experts, and provide expert reports, by December 1, 2000; and (3) Defendants were to identify their experts, and provide expert reports, by January 1, 2001. By stipulation, the Pretrial Scheduling Order was amended to provide that (1) Plaintiff was to identify his experts by February 1, 2001 and was to provide expert reports by February 15, 2001, and (2) Defendants were to identify their experts by March 15, 2001 and were to provide expert reports by April 1, 2001. Plaintiff made his expert disclosures. However, instead of providing expert disclosures, Defendant Grendahl made this motion.

Defendant Grendahl asks the Court to strike Plaintiff's expert reports, and exclude Plaintiff's proposed expert testimony. She argues that the reports, and proposed expert testimony, inappropriately contain legal conclusions. Plaintiff argues that, according to the Pretrial Scheduling Order, the motion is untimely. However, the Court treats the motion as a pre-trial motion *in limine*.

"Expert opinion testimony is admissible only if it 'will assist the trier of fact to understand the evidence or to determine a fact in issue.'" Peterson v. City of Plymouth, 60 F.3d

469, 475 (8th Cir. 1995) (citation omitted). Questions of law are generally left for the Court's instructions and are not matters for expert testimony. U.S. v. Klaphake, 64 F.3d 435, 438 (8th Cir. 1995) (citation omitted). In addition, "it is the role of the jury to consider the evidence presented and draw its own conclusions." Yannacopoulos v. General Dynamics Corp., 75 F.3d 1298, 1302 (8th Cir. 1996).

The Court has reviewed the reports of Powers and Szwak. Certain portions recite legal standards, and certain portions reflect legal conclusions. To that extent, the proposed expert testimony usurps the role of the Court and jury. Attached hereto, and incorporated herein, are copies of the expert reports, which have been underscored to the extent that they recite legal standards or reflect legal conclusions. Said portions are excluded from the Trial in this matter, but need not be stricken. Any testimony from David A. Szwak and Walter Powers, which is of the same nature as said portions, is excluded from the Trial in this matter.

It should be noted that Defendant Grendahl's motion did not address issues such as relevancy, improper foundation, hearsay, etc. Therefore, the Court makes no other determination as to the admissibility of the proposed expert testimony. However, with respect to the portions that have not been ordered excluded, Defendants are not foreclosed from making additional motions *in limine* at a later time.

The Court notes that, in light of this Order, Defendants may still wish to retain expert witnesses. As noted above, the Pretrial Scheduling Order, as amended, required Defendants to identify experts by March 15, 2001 and provide expert reports by April 1, 2001. Instead of doing so, Defendant Grendahl filed this motion. Plaintiff argues against an extension of the Pretrial Scheduling Order.

On the one hand, the Court does not wish to extend an invitation for parties to prematurely litigate the admissibility of their opposition's expert testimony, all the while trusting that the Court will push back the time for their expert disclosures. This would allow parties to "roll the dice" with impunity. On the other hand, it seems odd to expect a party to spend time and money retaining experts to refute testimony which is clearly inadmissable. In this case, the Court concludes that Plaintiff's expert reports contain proposed testimony which clearly has no business being admitted at Trial. It is for that reason that the Court grants Grendahl's request to amend the Pretrial Scheduling Order. The Court must stress, however, that Defendant Grendahl chose a path that should not be taken before serious consideration.

AJB