**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Lavon C. Phillips,

Plaintiff,

v.

Mary K. Grendahl, Econ Control, Inc., d/b/a Sherlock Information System and McDowell Investigations,

Defendants,

and

Econ Control, Inc., d/b/a Sherlock Information System,

Cross-claimant,

v.

McDowell Investigations,

Cross-defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1382 ADM/AJB

---

Thomas J. Lyons, Sr., Esq., Thomas J. Lyons & Associates, Little Canada, MN, and Thomas J. Lyons, Jr., Esq., Consumer Justice Center, P.A., Little Canada, MN, appeared for and on behalf of the Plaintiff.

Scott A. Johnson, Esq., and Richard G. Jensen, Esq., Fabyanske, Westra & Hart, Minneapolis, MN, appeared for and on behalf of Defendant Grendahl.

Mark G. Ohnstad, Esq., Thomsen & Nybeck, Edina, MN, appeared for and on behalf of Defendant/Cross-claimant Econ Control, Inc.

Patrick W. Noaker, Esq., and Marcia L. Ford, Esq., Reinhardt & Anderson, St. Paul, MN, appeared for and on behalf of Defendant/Cross-defendant McDowell Investigations.

---

FILED 5-3-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD 5-3-01
DEPUTY CLERK

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendants' Motions for Summary Judgment [Doc. Nos. 30, 38, 50] and Plaintiff's Motion for Summary Judgment [Doc. No. 34]. For the reasons set forth below, as well as those articulated at the April 19th hearing, Defendants' motions are granted and the case is dismissed in its entirety.

## II. BACKGROUND

### A. Parties

Plaintiff is Lavon C. Phillips ("Phillips"). Defendant Mary K. Grendahl ("Grendahl") is a Minnesota citizen. Defendant McDowell Investigations ("McDowell") is a Minnesota corporation. Defendant Econ Control, Inc. ("Econ") does business as Sherlock Information System.

### B. Facts

Phillips' Amended Complaint centers entirely around Defendants' acquisition of a document, a "finder's report", containing information about Phillips.[1] As required on summary judgment, the following facts are stated in a light most favorable to the non-movant, Phillips. *FDIC v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997). Grendahl hired McDowell to obtain information about Phillips after he became engaged to her daughter. Grendahl Dep. at 73-74. McDowell requested a "finder's report" on Phillips ("Finder's Report") from Econ. Fitzgerald Aff. ¶ 5. Econ obtained the Finder's Report from Computer Science Corporation ("CSC"). Pl.'s

[1] Although a document labeled "Credit History" was attached to the Amended Complaint, this report, by Phillips' counsel's own admission at the hearing, was not disseminated and it was agreed by all parties the case involves only the finder's report, a coded 1/2 page document.

Mem. Supp. at 2. Econ then gave the report to McDowell, who in turn forwarded it to Grendahl. Fitzgerald Aff. ¶ 11.

The Finder's Report includes information regarding Phillips' past addresses, phone numbers, and employers. Fitzgerald Aff. Ex. B. It also has a section titled "Trade Line Information." This includes abbreviations of names of various banks[2] and the last date of account activity, but does not include account numbers or the status/amount of any account. *Id.* Ex. B. The final lines of the Finder's Report include information about another person or entity that has previously requested information about Phillips. *Id.* Ex. B.

## III. DISCUSSION

Defendants now move for summary judgment of Phillips' Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681-1681u, and invasion of privacy claims.

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be awarded to a party if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party "bears the initial burden of proving that summary judgment is appropriate." *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "[T]hat party must demonstrate 'that there is an absence of evidence to support the non-moving party's case.'" *Buck v. FDIC*, 75 F.3d 1285, 1289 (8th Cir. 1996) (quoting *Celotex*, 477 U.S. at 325).

If the movant meets this burden, the nonmovant has the task of citing particular facts that

---

[2]One of these entries is abbreviated "CHILD SUPP" and may refer to child support obligations. *Id.* Ex. B.

exhibit there is a "genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). When examining the rebuttal evidence, a court must view it "in the light most favorable to the nonmoving party." *Bell*, 106 F.3d at 263. If the nonmovant fails to set forth specific facts showing a genuine issue of fact, summary judgment is appropriate. *Celotex*, 477 U.S. at 323.

**B. Fair Credit Reporting Act**

Defendants seek summary judgment of Phillips' claim that Defendants violated § 1681q of the FCRA in obtaining the Finder's Report. Am. Compl. ¶ 20. A violation of § 1681q occurs when any person "knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses." 15 U.S.C. § 1681q. Phillips' claim is fatally defective because there is no evidence of false pretenses, let alone any evidence of knowing and willful conduct.

Phillips has not set forth any specific evidence that any Defendant has obtained any information *under false pretenses*. Under § 1681q, false pretenses are "a calculated attempt to mislead another in order to obtain information" and not "merely a purpose which is not technically in compliance with the purposes set forth in § 1681b." *Graziano v. TRW, Inc.*, 877 F.Supp. 53, 56 (D. Mass. 1995) (cited in *Daley v. Haddonfield Lumber Inc.*, 943 F.Supp. 464, 467-68 (D.N.J. 1996); *Popik v. Am. Int'l Mortgage Co.*, 936 F.Supp. 173, 176 (S.D.N.Y. 1996)). There is no evidence that any party misrepresented the purpose of the inquiry: a parent's attempt to learn background information about a future son-in-law. Phillips' proffered evidence of false pretenses is that Defendants did not have a permissible purpose for obtaining the information. This is not legally sufficient. *See id.* Even if it were sufficient, there is no evidence that this alleged conduct was knowing and willful as required by statute. *See* 15 U.S.C. § 1681q.

Because Phillips failed to set forth specific evidence of false pretenses as to any Defendant, summary judgment is proper.

Phillips also avers a violation of § 1681b(f) in his response to the motions. Both the Amended Complaint and Phillips' description of his case in the Rule 26(f) Report [Doc. No. 5] exclusively rely on specific allegations that Defendants' conduct was illegal pursuant to *§ 1681q*. Having chosen to continually refer to § 1681q as the exclusive basis for the illegal conduct, Phillips cannot now evade summary judgment by asserting a violation under § 1681b(f).[3]

Even if properly before the Court, the viability of a §1681b claim is dubious. To constitute a "credit report", the document must; 1) be created to be used to determine eligibility for credit or employment; and 2) contain information bearing on a consumer's credit worthiness, credit standing, etc. 15 U.S.C. § 1681a(d)(1). There are serious questions as to whether the Finder's Report meets either of these requirements.

**C. Invasion of Privacy (Intrusion upon Seclusion & Publication of Private Facts)**

Because Phillips has not alleged conduct that is "highly offensive", both invasion of privacy claims are dismissed. Under Minnesota law, "[i]nclusion upon seclusion occurs when one 'intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns if the intrusion would be highly offensive to a reasonable person.'" *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233 (Minn. 1998) (quoting Restatement (Second) of Torts § 652B (1977)). Publication of private facts occurs where one "gives publicity to a matter concerning the private life of another if the matter publicized is of a kind that (a)

---

[3]As expressed in the maxim *expressio unius est exclusio alternius*, the inclusion of a specific thing implies the exclusion of those not mentioned. *Black's Law Dictionary* (7th ed. 1999).

to a matter concerning the private life of another if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." *Id.* (quoting Restatement (Second) of Torts § 652B (1977)). The request of a parent to obtain information on a future son-in-law from an investigative service may not be a genteel approach, but given concerns and lack of available alternative sources from which to garner information, the request does not become "highly offensive." Here, as a matter of law, the conduct and publicity alleged by Phillips is not "highly offensive to a reasonable person." Summary judgment of Phillips' invasion of privacy claims is granted.[4]

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment [Doc. No. 34] is **DENIED**.
2. Defendants' Motions for Summary Judgment are **GRANTED** [Doc. Nos. 30, 38, 50]. Plaintiff's claims are dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: May 3, 2001

[4]There are also defects with the "publication" and "legitimate concern to the public" elements of Phillips' publication of private facts claim.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd