**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Lavon C. Phillips,

Plaintiff,

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1382 ADM/AJB

v.

Mary K. Grendahl, Econ Control, Inc., d/b/a Sherlock Information System and McDowell Investigations,

Defendants,

and

Econ Control, Inc., d/b/a Sherlock Information System,

Cross-Claimant,

v.

McDowell Investigations,

Cross-Defendant.

---

Thomas J. Lyons, Sr., Esq., Thomas J. Lyons & Associates, Little Canada, MN, and Thomas J. Lyons, Jr., Esq., Consumer Justice Center, P.A., Little Canada, MN, for and on behalf of the Plaintiff.

Scott A. Johnson, Esq., and Richard G. Jensen, Esq., Fabyanske, Westra & Hart, Minneapolis, MN, for and on behalf of Defendant Grendahl.

Mark G. Ohnstad, Esq., Thomsen & Nybeck, Edina, MN, for and on behalf of Defendant/Cross-Claimant Econ Control, Inc.

Joseph W. Dicker, Esq., Joseph W. Dicker, P.A., Minneapolis, MN, for and on behalf of Defendant/Cross-Defendant McDowell Investigations.

---

FILED SEP 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## INTRODUCTION

This matter is before the undersigned United States District Judge on: (1) Defendant Econ Control's Motion for Attorneys Fees from Plaintiff's Counsel [Doc. No. 62], (2) Plaintiff's Motion for Attorneys Fees from Defendant Econ Control [Doc. No. 75], (3) Defendant Econ Control's Motion for Attorneys Fees from Cross-Defendant McDowell Investigations [Doc. No. 66], and (4) Defendant Grendahl's Motion to Require a Cost Bond on Appeal [Doc. No. 82]. The motions will be decided upon the written submissions.

## I.

On May 3, 2001, this Court granted the Defendants' Motion for Summary Judgment and dismissed with prejudice all of Plaintiff's claims [Doc. No. 58]. The Plaintiff has appealed this decision to the Eighth Circuit Court of Appeals. Contemporaneously with Plaintiff's filing of an appeal, and perhaps without knowledge that Plaintiff intended to appeal, Defendant Econ Control moved for attorneys fees to be assessed against Plaintiff's counsel.

Generally, a notice of appeal divests the district court of jurisdiction. *See Liddell v. Board of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996). However, a district court may consider collateral issues after an issue is no longer pending. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992). Accordingly, a district court retains jurisdiction over collateral matters, such as attorneys fees or sanctions, while an appeal is pending. *See Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998) and *Harmon v. United States*, 101 F.3d 574, 587 (8th Cir. 1996).

The motion for fees to be ordered against Plaintiff's counsel is predicated on 28 U.S.C. § 1927. To be awarded fees under this statute, Defendant Econ Control must establish unreasonable and vexatious multiplication of proceedings by Plaintiff's counsel.

The Eighth Circuit has interpreted this statute as warranting sanctions "when attorney conduct viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999).[1] Although this Court concluded that the underlying action was without merit and Plaintiff's counsel's attachment to the Complaint of a "Credit History" document rather than the finder's report may be evidence of chicanery, the issue of whether § 1927 sanctions should be awarded is better reserved until the Eighth Circuit has expressed its views on the merits of the Plaintiff's Complaint. While this Court legally maintains jurisdiction to assess fees under the rationale of *Willy v. Coastal Corp.*, the determination of whether counsel "multiplied" the proceedings will be more easily addressed in a retrospective analysis after it is known if any of Plaintiff's claims have sufficient merit to proceed to trial. Defendant Econ Control's Motion for Attorneys Fees is denied at this time without prejudice to renewal subsequent to final adjudication of the underlying action.

**II.**

In a portion of Plaintiff's opposition to Defendant Econ Control's Motion for Attorneys Fees, Plaintiff affirmatively seeks attorneys fees from Defendant Econ Control. This motion is a clear example of the strategy that the best defense is a strong offense. The memorandum in support is simply a rehash of Plaintiff's summary judgment argument and, presumably, the argument made in support of the appeal of the May 3, 2001 Order. Plaintiff's Motion for Attorneys Fees is denied.

---

[1]Not lost upon this Court is the salient fact that counsel in *Lee,* who was ultimately sanctioned $15,000 is the same plaintiff's counsel in the case at bar. *See Lee and Thomas J. Lyons & Associates v. First Lenders Ins. Servs. Inc.*, 236 F.3d 443, 445-46 (8th Cir. 2001).

III.

Defendant/Cross-Claimant Econ Control also seeks attorneys fees from Cross-Defendant McDowell Investigations. The supporting memorandum does not identify the procedural basis authorizing the award of fees. No statute or rule is cited as authority for the award of fees. In its reply, Econ Control first asserts that the motion is brought under Rule 54(d)(2) of the Federal Rules of Civil Procedure. The motion appears to seek summary relief under a substantive theory of contract indemnification. Rule 54(d)(2), by its own terms, is not applicable where the fees sought to be recovered are "an element of damages to be proved at trial." Whether subjected to a Rule 56 or a Rule 54 analysis, there are procedural deficiencies as well as factual issues that preclude the granting of Econ Control's motion for attorneys fees from McDowell Investigations. The motion is denied.

IV.

Defendant Grendahl moves to require Plaintiff to file a cost bond on appeal. Rule 7 of the Federal Rules of Appellate Procedure grants the district court discretion to require the filing of a bond "to ensure payment of costs on appeal." *Fed. R. App. P. 7.* There is sufficient concern about the willingness and ability of the Plaintiff to pay the costs of appeal to require the posting of a bond. Plaintiff is ordered to post a bond in the amount of $1,000 to ensure the payment of Defendant Grendahl's costs. The attempt to increase the amount of the bond to cover the costs of other Defendants is rejected. Thus, the motion is granted in part.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Econ Control's Motion for Attorneys Fees from Plaintiff's Counsel [Doc. No. 62] is **DENIED** at this time without prejudice.

2. Plaintiff's Motion for Attorneys Fees from Defendant Econ Control [Doc. No. 75] is **DENIED**.

3. Defendant Econ Control's Motion for Attorneys Fees from Cross-Defendant McDowell Investigations [Doc. No. 66] is **DENIED**.

4. Defendant Grendahl's Motion to Require a Cost Bond on Appeal [Doc. No. 82] is **GRANTED** in part. Plaintiff is ordered to post a bond in the amount of $1,000.

BY THE COURT:

An Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2001